**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KAREN A. WILSON,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DA-0752-12-0101-I-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joyce E. Kitchens, Esquire, and Stuart A. Miller, Esquire, Atlanta, Georgia,
      for the appellant.

Isabel M. Robison, Esquire, and Theresa M. Gegen, Esquire, Dallas, Texas,
      for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reduction in grade and pay action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The agency proposed to demote the appellant from an EAS-24 Manager of Human Resources position to an EAS-17 Supervisor of Customer Service position based upon a charge of unsatisfactory performance. Initial Appeal File (IAF), Tab 33, Volume (Vol.) 9 at 22-24. The agency specified that:

> [a] July 2011 Hostile Work Environment Investigation revealed that during 2010 and 2011, [the appellant] exercised poor judgment and acted unprofessionally towards [her] staff and subordinates on many occasions including, but not limited to:
>
> - humiliating subordinate employees by making demeaning, personal and derogatory comments while in the presence of other employees, and;
>
> - instances of coercion and intimidation of subordinates by yelling at them or making threats to remove them from their positions and/or reassign them.[2]

---

[2] Although the proposal notice does not indicate that the agency enclosed any documents, it is undisputed that the agency attached a 68-page investigative report (report), which the appellant received. *See* IAF, Tab 29 at 5, Tab 33, Vol. 9 at 78. The appellant submitted a copy of the report as Exhibit A to her motion for summary judgment. IAF, Tab 29 at 5, Tab 31 at 1-70. The report consists of incident reports,

*Id.* The agency further elaborated in the "BACKGROUND" section of the letter that an employee contacted the appellant's supervisor by email on March 17, 2011, alleging that the appellant "had subjected her to continued hostile work environment." *Id.* The agency stated that, while the appellant averred that poor performance was the motivation for the complaint and that the alleged events did not occur, "the overwhelming testimony from employees subordinate to [the appellant] is that [she had] exhibited ongoing, unprofessional and inappropriate behavior during [her] interactions with them." *Id.* After considering the appellant's written and oral responses, the agency demoted the appellant to an EAS-17 Supervisor of Customer Service, which resulted in a reduction in grade and pay.[3] IAF, Tab 33, Vol. 10 at 80-81.

¶3 The appellant appealed the reduction in grade and pay action, alleging that the agency discriminated against her on the basis of sex and violated her due process rights. IAF, Tab 1. Regarding the latter claim, she alleged that the generalized statements in the proposal notice were insufficient to adequately apprise her of the charges against her, and that the deciding official improperly considered ex parte information[4] and construed her length of service as an

---

summaries of investigative interviews, sworn declarations, and other documents. *Id.* The agency does not dispute that the documents marked as Exhibit A to the appellant's motion for summary judgment constitute the report that it attached to the proposal notice.

[3] The appellant was demoted from an EAS-24 position with an annual salary of $92,796 to an EAS-17 Supervisor position with an annual salary of $73,639. IAF, Tab 33, Vol. 4 at 60, Vol. 9 at 22, Vol. 10 at 80.

[4] The appellant alleges that:

> **2. In deciding the penalty, the Agency improperly relied on Appellant's responses to incidents that were in the 68-page notice, yet which were not part of the Agency's reasons for proposing [her] demotion.**
>
> . . . the Deciding Official [] stated she relied on the investigative file . . . and that as Deciding Official, she was simply assessing the appellant's behavior . . . . Moreover, [the Deciding Official] testified that she seriously considered "every word" of the appellant's massive written

aggravating factor in assessing the penalty. *Id.* at 5, Tab 29 at 4-15, Tab 32 at 4-5, Tab 44 at 2.

¶4    The appellant filed a motion for summary judgment, alleging a violation of her due process rights. IAF, Tab 29. She moved for the administrative judge to compel the agency to respond to her motion. IAF, Tab 37. At the prehearing conference, the administrative judge denied the motion for summary judgment because she wanted to hear from witnesses before ruling on the due process issue.[5] IAF, Tab 36 at 4. Subsequently, the appellant withdrew her request for a hearing. IAF, Tab 42. After the parties filed final evidentiary submissions, IAF, Tabs 47, 50-51, the appellant requested a hearing on the due process issue, IAF, Tab 52.

¶5    Based on the written record, the administrative judge affirmed the reduction in grade and pay action, finding that the agency proved that the appellant's performance was unsatisfactory. IAF, Tab 56, Initial Decision (ID) at 5-45. Further, the administrative judge found that the appellant failed to prove her due process claim based on the following: (1) the agency's proposal notice and attached report sufficiently notified the appellant of the nature of the charges against her, ID at 45-47; and (2) the appellant failed to prove that the deciding official considered information outside of the scope of the charge, i.e., a particular incident detailed in the report, but not charged in the notice letter, in deciding to demote her, ID a 47-48, or that the deciding official considered her length of service as an aggravating factor to enhance the penalty, ID at 48-49. Regarding the appellant's sex discrimination claim, the administrative judge

---

> response to the proposed action and in her response the appellant addressed the [RC incident] . . . . Thus, the Deciding Official considered misconduct matters that were not properly noticed to the appellant violating her due process rights under *Ward*.

IAF, Tab 29 at 10-11 (bold in the original).

[5] Subsequently, the administrative judge issued a written order denying the appellant's motion for summary judgment. IAF, Tab 38.

found that the appellant failed to identify any similarly-situated employees that were treated more favorably than her to support her disparate treatment claim. ID at 50-53. Finally, the administrative judge found that the agency proved nexus and that the reduction in grade and pay action was reasonable. ID at 54-56.

¶6    The appellant filed a petition for review.[6] Petition for Review (PFR) File, Tab 1. The agency responded in opposition. PFR File, Tab 3.

## ANALYSIS

The appellant has not shown that the administrative judge committed adjudicatory error that warrants reversal of the initial decision.

¶7    The appellant contends that the administrative judge erred in failing to compel the agency to respond to her motion for summary judgment; she alleges that without the agency's statement of disputed facts, she could not adequately prepare for a hearing, and therefore she had to withdraw her hearing request.[7] PFR File, Tab 1 at 2-3; *see* IAF, Tab 37 at 4, Tab 39 at 4, Tab 42 at 4-5.

---

[6] The appellant asserts that the agency violated her due process rights when the deciding official considered her length of service as an aggravating factor in assessing the penalty; however, the appellant does not appear to dispute the administrative judge's penalty analysis. As the record evidence and the applicable law support the administrative judge's finding that the deciding official considered the relevant *Douglas* factors and that the penalty of demotion falls within the tolerable limits of reasonableness, we discern no reason to disturb these findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

[7] The appellant first asserts that the administrative judge erred in failing to rule upon her motion for summary judgment. PFR File, Tab 1 at 1. However, the record reflects that the administrative judge denied the appellant's motion. IAF, Tab 38. To the extent that the appellant is challenging the administrative judge's denial of her motion, she has not shown that the matter presents circumstances in which summary judgment is appropriate and that the administrative judge erred in denying her motion. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007) (the Board has recognized that it generally lacks the authority to grant summary judgment).

However, an administrative judge has wide discretion to control the proceedings before her. *See Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 12 (2013). The record reflects that the administrative judge denied the appellant's July 6, 2012 motion for summary judgment on July 11, 2012, prior to the deadline for the agency to file a response to the appellant's motion. IAF, Tab 29, Tab 36 at 4; *see* 5 C.F.R. § 1201.55(b) (an objection to a motion must be filed within 10 days of service of the written motion). The appellant has not pointed to any law, rule, or regulation that precluded the administrative judge from denying her motion until after the agency responded, or shown that the administrative judge abused her discretion in failing to compel the agency to respond to the motion for summary judgment after she ruled on the motion.

¶8        Furthermore, we are unpersuaded by the appellant that she was prejudiced by the administrative judge's failure to compel the agency to file a statement of disputed facts in response to her motion. The agency's July 9, 2012 prehearing submission sets forth a 31-page statement of the facts, including a statement of agreed-upon facts from which the appellant could deduce the alleged disputed facts. *See* IAF, Tab 33, Vol. 4 at 7-36. As the agency and the appellant are registered e-filers, the appellant received the agency's prehearing submission on the day it was filed, more than a month before she withdrew her request for a hearing. IAF, Tabs 33, 38, 42. Further, the appellant did not request a continuance of the hearing or move for a dismissal of the appeal without prejudice to refiling in order to afford her additional time to conduct discovery or to prepare for a hearing based upon the disputed facts related to the due process issue.

¶9 On September 17, 2012, after the parties submitted their final evidentiary submissions, the appellant requested a hearing on the due process issue.[8] IAF, Tab 52 at 8-9. On review, the appellant asserts that the administrative judge erred in not granting her hearing request. *See* PFR File, Tab 1 at 3. However, the record reflects that, on August 15, 2012, the appellant, through her attorney, filed a pleading entitled, "Appellant's Withdrawal of Request for Hearing" in which she clearly and unequivocally states "Appellant withdraws her request for the hearing currently scheduled for August 21, 2012, and instead, requests a decision on the record." IAF, Tab 42 at 4-5. In her submission, she explained that she decided to withdraw her request for a hearing as part of a litigation strategy following the administrative judge's denial of her motion for summary judgment. *Id.* Later in her petition for review, the appellant also asserts that she withdrew her request for a hearing "to avoid being ambushed at the hearing." PFR File, Tab 1 at 3. Consequently, we find that she made a knowing and unequivocal waiver of her right to a hearing. *Lee v. Office of Personnel Management*, 83 M.S.P.R. 236, ¶ 3 (1999) (waiver of the right to a hearing may be accomplished only by a knowing and unequivocal act on the appellant's part). Contrary to her assertion, nothing in the appellant's August 15, 2012 withdrawal of her hearing request reflects that she made a conditional waiver. *See* PFR File, Tab 1 at 3; IAF, Tab 42. Further, the appellant has not pointed to any law to support her position that the Board should invalidate her August 25, 2012 waiver. Thus, we discern no error by the administrative judge in deciding this appeal based upon the written record.

We discern no error in the administrative judge's finding that the appellant failed to prove her due process claim.

¶10 Where, as here, a public employee has a property interest in her continued employment, the government cannot deprive her of that interest without due

---

[8] The administrative judge erred in failing to address the appellant's September 17, 2013 request for a hearing.

process. *Cleveland Board of Education v. Loudermill*, [470 U.S. 532](), 538 (1985). The Supreme Court has described the requirements of due process as follows:

> The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement . . . . The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.

*Loudermill*, 470 U.S. at 546. As the Court explained in *Loudermill*, the need for a meaningful opportunity for the employee to present her side of the story is important for two reasons. First, an adverse action "will often involve factual disputes," *id.* at 543, and consideration of the employee's response may clarify such disputes, *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](), 1376 (Fed. Cir. 1999) (citing *Loudermill*, 470 U.S. at 543). Second, "[e]ven where the facts are clear, the appropriateness or necessity of the discharge may not be." *Loudermill*, 470 U.S. at 543. Thus, "the employee's response is essential not only to the issue of whether the allegations are true, but also with regard to whether the level of penalty to be imposed is appropriate." *Stone*, 179 F.3d at 1376.

¶11 In *Stone*, the U.S. Court of Appeals for the Federal Circuit stressed that an agency's consideration of ex parte communication violates due process only when the information introduced was new and material. *Id*. In making such a determination, the Board may consider, among other factors, whether: (1) the information is cumulative, rather than new; (2) the employee knew of the error and had a chance to respond to it; and (3) the communication was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id*. at 1377. Ultimately, the inquiry is whether the deciding official's consideration of the additional material was substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property absent an opportunity to respond. *Id*.

¶12    The Board has determined that this analysis applies not only to ex parte communications introducing information that was previously unknown to the deciding official, but also to information personally known and considered by the deciding official, if that information was not included in the notice of proposed removal to the appellant. *Lopes v. Department of the Navy,* 116 M.S.P.R. 470, ¶ 10 (2011). When a deciding official considers either type of information, the employee is no longer on notice of portions of the evidence relied upon by the agency in imposing the penalty, resulting in a potential constitutional violation. *Id.* Our reviewing court recently noted that "[w]here an employee has notice only of certain charges or portions of the evidence and the deciding official considers new and material information, procedural due process guarantees are not met because the employee is no longer on notice of the reasons for dismissal and/or of the evidence relied upon by the agency." *Young v. Housing and Urban Development,* 706 F.3d 1372, 1376 (Fed. Cir. 2013). It has similarly recognized that the regulation governing adverse actions requires that an "agency will consider only the reasons specified in the notice of proposed action and any answer of the employee or his or her representative, or both, made to a designated official . . . ." *Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1353 (Fed. Cir. 2012) (quoting 5 C.F.R. § 752.404(g)(1)).

¶13    The appellant contends that the agency improperly relied upon the report attached to the proposal notice to inform her of the nature of the charges, thereby depriving her of the opportunity to make an informed reply, and pursuant to the Board's holding in *Special Counsel v. Smith*, 116 M.S.P.R. 520 (2011), the Board should reverse the demotion action on due process grounds. PFR File, Tab 9-13. However, in this case, the proposal letter provided a detailed description of the charges and specifically notified the appellant that the incidents described in the attached investigatory report were the basis for the charge. *See* IAF, Tab 29 at 5, Tab 33, Vol. 9 at 78. By contrast, in *Smith*, the complaint issued by the Office of Special Counsel (OSC) lacked the necessary

particularity and supporting facts to satisfy due process. Rejecting OSC's claim that its investigatory interviews put the respondent on sufficient notice of the charges underlying the complaint, the Board found that the volume of documents that OSC provided the respondent during the investigatory process indicated that the interviews were not sufficiently focused to put the respondent on notice of the precise allegations against him. *See Smith*, 116 M.S.P.R. 520, ¶¶ 5, 8. Thus, under the circumstances of this appeal, we find that the agency's notice of the charge and its proposed action satisfied due process.

¶14    The appellant also asserts that she discovered that certain incidents contained in the report were excluded from the charge; however, she has not shown that the administrative judge erred in finding that she failed to prove a *Ward-Stone* violation.[9] The mere fact that the report included some incidents that the deciding official did not consider in sustaining the charge does not demonstrate that the deciding official considered ex parte communications in deciding to enhance the penalty. We further note that the appellant submitted a 200-page written response to the proposal notice in which she addressed all of the incidents alleged in the report, and that she had lengthy discussions with the proposing and deciding officials regarding the incidents underlying the charge. *See* IAF, Tab 33, Vol. 9 at 35-155, Vol. 10 at 6-79.

¶15    The appellant has not otherwise shown that the deciding official considered new and material outside information in assessing the penalty. The administrative judge credited the deciding official's deposition testimony and other evidence showing that the deciding official considered the appellant's oral and written responses to the proposed action, as well as the report attached to the proposal notice, the appellant's Standard Form (SF) 50, and Pay for Performance (PFP) ratings for 3 years. ID at 47-48. To the extent that the agency did not

---

[9] *See Ward v. U.S. Postal Service,* 634 F.3d 1274 (Fed. Cir. 2011); *Stone*, 179 F.3d at 1376.

provide advance notice to the appellant that it was considering her SF-50 and PFP ratings in assessing the penalty, the appellant has not shown that this information is new and not cumulative or of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *See Wilson v. Department of Homeland Security*, 118 M.S.P.R. 62, ¶ 5 (2012) (in analyzing the *Stone* factors, the Board considers whether the ex parte communication merely introduces 'cumulative' information or new information; whether the employee knew of the error and had a chance to respond to it; and whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner).

¶16        Based on the foregoing, we find that the appellant has not shown any error in the administrative judge's finding that the agency adequately set forth the nature of the charge in the proposal notice and that the appellant responded in detail, reflecting her understanding of the incidents underlying the charge; thus, she failed to prove her due process claim. *Wilson v. Department of Homeland Security,* 120 M.S.P.R. 686, ¶¶ 10-11 (2014); *Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶ 19 (2005) (an agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond) (citing *Loudermill*, 470 U.S. at 546).

¶17        The appellant further challenges the administrative judge's finding that she failed to prove that the agency considered her length of service as an aggravating factor and thereby violated her due process rights. PFR File, Tab 1 at 4. She asserts that the deciding official admitted at her deposition that she considered the appellant's length of service as an aggravating factor, but later via affidavit asserted that the appellant's years of service was a credibility factor. *Id.* at 4-6.

However, the appellant has not shown that the administrative judge disregarded material evidence in reaching her conclusion.

¶18    The initial decision reflects that the administrative judge considered the deciding official's deposition testimony upon which the appellant relied in support of her claim that the deciding official considered her length of service to be an aggravating factor. ID at 48-49. However, the administrative judge ultimately afforded greater weight to the deciding official's sworn declaration that she considered the appellant's length of service in assessing the appellant's credibility regarding her denial of the charged misconduct, not to enhance the penalty. ID at 48-49; *see* IAF, Tab 53 at 12-13. Although the administrative judge did not enumerate these facts in the initial decision, the record includes the deciding official's notes from her meeting with the appellant in which the appellant rebutted evidence that she created a hostile work environment for her subordinates. The deciding official wrote, "[has] worked for [J] for a while, in diff capacities + districts → convinces me he really knows who she is and I see it as aggravating factor not mitigating." IAF, Tab 33, Vol. 10 at 79. From our review of this evidence, the administrative judge's fact findings are supported by the record evidence. As the appellant has not shown that the administrative judge ignored material facts, we discern no reason to disturb the administrative judge's weighing of the evidence and her finding that the appellant failed to prove that the deciding official considered her length of service as an aggravating factor in assessing an enhanced penalty, and thereby violated her due process rights. *See Lopes*, 116 M.S.P.R. 470, ¶ 10 (when a deciding official receives new and material information by means of ex parte communications or considers information known from personal knowledge, a due process violation has occurred and the employee is entitled to a new constitutionally correct action).

<u>The appellant has not shown that the administrative judge erred in sustaining the charge or finding that she failed to prove her sex discrimination claim.</u>

¶19      In the last sentence of her petition, the appellant generally challenges the administrative judge's decision sustaining the charge and finding that she failed to prove her sex discrimination claim. PFR File, Tab 1 at 14-15. However, the Board has held that the petitioning party must explain in the petition how the administrative judge made an erroneous finding of material fact, how the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case, and/or how the administrative judge's rulings are inconsistent with required procedures or involved an abuse of discretion. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980); 5 C.F.R. § 1201.115.

¶20      Here, the appellant has failed to state specific objections to the initial decision supported by references to the applicable laws, regulations, and the record. Her vague assertion that the administrative judge erred in sustaining the charge and in finding that she failed to prove her sex discrimination claim is insufficient to show that the administrative judge made erroneous findings of material fact, erroneously interpreted statutes or regulations, or erroneously applied the law to the facts of the case. For these reasons, we discern no reason to disturb the administrative judge's explained findings, which are supported by the record evidence and the applicable law. *See Crosby*, 74 M.S.P.R. at 106.

<u>The appellant has not shown that the administrative judge was biased.</u>

¶21      Finally, the appellant alleges that the administrative judge was biased against her based upon the administrative judge's prior employment with the agency and her friendship with the agency representative. PFR File, Tab 1 at 7 n.1. She notes that the administrative judge addressed the agency representative by her first name, but addressed her attorney as "Mr. Miller." *Id.* However, these assertions fail to establish that the administrative judge demonstrated a deep-seated favoritism towards the appellant that would make fair judgment

impossible in order to overcome the presumption of the administrative judge's honesty and integrity. *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Furthermore, nothing in the record below reflects that the appellant filed a motion to recuse the administrative judge based upon her alleged concerns regarding the administrative judge's bias in favor of the agency. *See Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991) (an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit).

¶22    Based on the foregoing, we AFFIRM the initial decision. We MODIFY the initial decision, however, to deny the appellant's September 17, 2012 request for a hearing on the due process issues as she previously withdrew her hearing request.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a](.)

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.